UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re MESATRONIC USA, INC,

        Debtor.
_____/

INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED,

        Defendant/Appellant,

    v.

MOHAMMED POONJA, TRUSTEE,

        Plaintiff/Appellee.
_____/

No. C 10-5868PJH
Bankr. Case No. 08-53287 SLJ
Adv. Case No. 09-5049 SLJ

**ORDER RE RECORD ON APPEAL**

        On December 22, 2010, defendant/appellant International Contact Technologies ("ICT") appealed the bankruptcy court's findings of fact and conclusions of law as contained in its December 6, 2010 memorandum decision following a bench trial in the above adversary case. ICT subsequently elected to have the appeal heard by this court as opposed to the Ninth Circuit Bankruptcy Appellate Panel. On December 23, 2010, the appeal was assigned to the Honorable Jeremy Fogel. On September 16, 2011, because there appeared to have been no activity on the appeal, Judge Fogel dismissed the appeal for failure to prosecute.

        However, on October 21, 2011, Judge Fogel subsequently vacated the dismissal because there appeared to have been some error regarding perfection of the record below in the bankruptcy court. That same day, the case was reassigned to the undersigned judge.

        This court has reviewed the papers filed and the docket below and notes that this court's clerk's office has not received copies of the record below. Both ICT and Poonja designated copies of the items to be included in the record on appeal, but neither appears

to have provided the bankruptcy court with copies of the items to be included in the record. Federal Rule of Bankruptcy Procedure 8006 requires the parties to provide the bankruptcy clerk with copies of the designated items *or* for the bankruptcy clerk to prepare the copies at the parties' expense and then bill the parties. It is unclear to the court exactly why the record still has not been transmitted to this court. Accordingly, because this appeal has already been pending for nearly a year and the record is still not perfected, the court ORDERS both parties to **provide the bankruptcy court clerk** with copies of all of the designated items for transmission to this court **no later than fourteen days from the date of this order.**

Additionally, the court notes that ICT suggests that it will not be ordering the transcripts of the bench trial for this court's adjudication of the appeal. To the extent that ICT elects not to provide this court with a transcript of the proceedings below on appeal, the court will defer to the bankruptcy court as to any issues of fact or mixed issues for which transcripts would normally be required. To the extent that ICT intends to raise any such issues on appeal, it is strongly encouraged to provide this court with transcripts from the November 30, 2010 bench trial before the bankruptcy court. The court therefore grants ICT leave to amend its designation to include transcripts from the hearing. ICT is required to amend its designation and to ensure preparation and transmission of the transcripts to this court **no later than thirty days from the date of this order.**

If the parties fail to provide the bankruptcy court clerk with copies of the record for transmission to this court or to properly secure any transcripts on appeal in accordance with this order, the appeal will be dismissed for failure to prosecute. The court will issue a briefing order once this court's clerk's office has received the entire record on appeal, including any transcripts subsequently designated.

**IT IS SO ORDERED.**

Dated: November 7, 2011

PHYLLIS J. HAMILTON
United States District Judge

2